# United States District Court
# District of South Carolina

| | | |
|---|---|---|
| Stanley Earl Winston, #39779-019; | ) | C/A No.3:05-2247-TLW-JRM |
| | ) | |
| Petitioner; | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Federal Bureau of Prisons; Federal Correctional Institution at Estill S. Carolina; Mr. Matthew B. Hamidullah,; | ) ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

The Petitioner, Stanley Winston (hereafter, the "Petitioner"), a federal prisoner proceeding *pro se*, has filed this action seeking relief under Title 28 U.S.C. section 2241. The matter was referred to the undersigned pursuant to the provisions of 28 U.S.C.§ 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C.

## *PRO SE* PETITION

Under Houston v. Lack, 487 U.S. 266 (1988), Petitioner commenced this action on August 2, 2005. Since Petitioner is a *pro se* petitioner, his Petition is to be accorded liberal construction, and is held to a less stringent standard than those drafted by attorneys. Haines v. Kerner, 404 U.S. 519 (1972); Estelle v. Gamble, 429 U.S.97 (1976); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978); Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Petition is still subject to summary dismissal.

## BACKGROUND

In this Petition, relief is sought both from an underlying conviction and also from a

1

four-day period of administrative segregation which Petitioner experienced in February, 2005, while incarcerated at FCI-Estill in Estill, South Carolina. Petitioner was convicted by a jury in the Northern District of Georgia on charges of bank robbery (18 U.S.C. § 2113) and firearms violations (18 U.S.C. § 924). See U.S. v. Winston, et al., 1:89-cr-00107-HLM (N.D. Ga. 1989). The Petitioner has filed at least three motions to vacate his sentence under 28 U.S.C. § 2255 in the trial court. See Winston v. USA, 1:97-cv-01589-HLM (N.D. Ga. 1997); Winston v. USA, 1:96-cv-00480-HLM (N.D. Ga. 1996); Winston v. USA, 1:90-cv-02745-HLM (N.D. Ga. 1990). In 1999, according to records of the Eleventh Circuit, he applied for leave to file a successive § 2255 motion on the basis that he did not own a motor vehicle involved in the bank robberies. The application was denied. See In re: Stanley Earl Winston, 99-14476 (11th Cir. 1999).

Petitioner has filed actions under 42 U.S.C. § 1983 in the Northern District of Georgia seeking recoveries from all persons participating in his prosecution (including Circuit Court of Appeals judges) and officers of the Georgia Department of Motor Vehicles who allegedly supplied false registration information on the vehicle, resulting in his conviction. See Winston v. Childers, et al., 1:03-cv-02646-JEC (N.D. Ga. 2003); Winston v. Barr, et al., 1:02-cv-01321-JEC (N.D. Ga 2002); and Winston v. USA, et al., 1:02-cv-01284 (N.D. Ga. 2002), dismissal *aff'd* 77 Fed. Appx. 505 (11th Cir. 02003).

In this Court, Petitioner has also filed a prior petition under 28 U.S.C. § 2241. See Winston v. USA, 3:01-1932-TLW-JRM (D.S.C. 2001). In that case, the respondents were served and presented the record of the prior § 2255 motions. In a Report filed on January 10, 2002, the undersigned recommended dismissal of the petition so that the Petitioner could file an application in the Eleventh Circuit Court of Appeals to proceed with a successive § 2255 motion.

2

The Petitioner voluntarily dismissed his action. To the extent he seeks to bring a yet another

§ 2255 motion in this Court attacking his underlying conviction, the action should be summarily

dismissed.

In this case, Petitioner also complains of a four-day period of administrative segregation

which he describes as follows:

> On February 12, 2005, Petitioner was placed in Administrative Detention for a fight that petitioner had nothing to do with, and on February 13, 2005, Petitioner submitted a Cop-Out to All the Lieutenant on the compound and NO ONE could say, "What Petitioner was being Lock down OR Investigated for."
> Due to the fact that, "Petitioner was lock down for fight and A shank that Movant had nothing to do with," Movant filed a request to be release from this Institution by the Warden Mr. Matthew B. Hamidullah in which was DENIED, and the Warden does not have the authority to keep Movant by this Illegal Dentention [sic].
> Movant was place [sic] in Federal Correctional Institution Estill Special Housing Unit for a fight and a shank that movant had nothing to do with in violation of movant Prisoner Right and movant Due Process Right as an Inmate and Movant is Requesting that he be release from this Illegal Detention.

[1-1, p. 7.]

In support of his allegations, Petitioner filed the statement of a fellow inmate, Thurnal

Glover:

> I Thurnal Glover, #49235-019, hereby swear and affirm the following under penalty of perjury:
> I herein declare that on February 12, 2005, at approximately 8:10 a.m. I was in a Heated Argument with my Cell-Mate in the Common Area of Unit D/A. The Unit Officer Ms. Green press, ("What is none [sic] as the "Code-Body Alarm-The Duces," [sic]) in which (10) to (12) Officers storm the Unit. Mr. Stanley Earl Winston was on the Common Area Telephone, Which is approximately (6) to (7) Feet left of my cell in D/A Unit. As the Officers reach my cell Officer Ms. Green told the Lieutenant Goncalez that, "Mr. Winston was involved in this Fight and that, Mr. Winston had a SHANK." I Stated to Lileutenant Goncalez that, "Mr. Winston was Not Involved in this matter at all and Officer Green stated that, "He (Mr. Winston) was involve in this fight and that Mr. Winston had a Shank," Lieutenant Goncalez then ask Ms. Green was (She) sure and Officer Green stated, "YES." At that point Lieutenant Goncalez told the Compound Officer to Hand Cuffed [sic] Him (Winston) and Lock him up in the (SHU) a/k/a/ Special Housing Unit.

Neither the original petition in this action nor the attachments indicated whether or not Petitioner had been subjected to disciplinary sanctions (despite his professed innocence). Nor was it certain that he had fully exhausted appeals from any disciplinary action. In order to clarify these matters, the undersigned directed Petitioner to respond to Special Interrogatories.

On August 19, 2005, Petitioner filed his answers. It does appear that Petitioner made the standard requests for administrative relief provided by the Federal Bureau of Prisons (FBOP). Program Statement (PS) 1330.13, implementing 28 Code of Federal Regulations (CFR) Ch. V, Subch. C, Part 542, provides for appeals from prison disciplinary proceedings. 28 C.F.R. §542.15. After an appeal has been successively rejected by the Warden (of the facility where incarcerated) and the Regional Director, the inmate may then appeal to the Appeals Administrator, Office of General Counsel ("a Central Office Appeal"). The decision of the General Counsel becomes the final administrative decision. 28 C.F.R. §542.15 (a). Petitioner documents his unsuccessful quest for relief through the FBOP Southeastern Regional Office (SERO). He asserts that his Central Office Appeal went unanswered.

In his initial pleadings, Petition claimed that he was released from SHU after four days and that no shank had been found. With his Answers to Special Interrogatories, Petitioner files documents which do confirm this claim. Reviewing his appeal from FCI-Estill, FBOP/SERO made the following observation:

> A review of this matter reveals you were placed in Administrative Detention on February 12, 2005, pending an investigation into your possible involvement in an altercation which occurred in close proximity to where you were standing. A subsequent investigation into the altercation revealed you had no involvement in the altercation, and you were thereby released from AD. You were not charged with the incident, nor was there any reflection of the incident placed in your Central File or other institutional records.

[5-1, p. 7.]

## MOOTNESS

Relief under § 2241 is not available to the Petitioner in this action, because the issue of his administrative segregation is now moot. The United States Supreme Court articulated this principle of mootness in Spencer v. Kemna, 523 U.S. 1 (1998): "...mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." 523 U.S. at 18.

The rule of mootness can be relaxed. Where, for example, a petitioner demonstrates "collateral consequences" to a conviction already served, the United States Supreme Court has acknowledged that *habeas* relief is not completely foreclosed. See Sibron v. New York, 392 U.S. 40 (1968); Carafas v. LaVallee, 391 U.S. 234 (1968). It is readily apparent, however, that Petitioner has suffered no adverse consequences from his brief administrative detention: no charges were filed against him and no record of the incident has been made. Accordingly, there is no relief which this Court can grant with regard to the investigation which took place at FCI-Estill in February, 2005. The petition fails to state a claim upon which relief may be granted.

## §1915 SCREENING

Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or *pro se* litigant upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hemandez, 504 U.S. 25 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless

legal theory may be dismissed *sua sponte*.  Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).  The court may dismiss a claim as "factually frivolous" under §1915(e) if the facts alleged are clearly baseless.  Denton v. Hernandez, supra.   In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  Id.

### RECOMMENDATION

The Respondents should not be required to answer this petition.  It is recommended that the within action be dismissed without prejudice and without issuance and service of process. The Petitioner's attention is directed to the Notice on the following page.

                                        Respectfully Submitted,

                                        s/Joseph R. McCrorey
                                        United States Magistrate Judge

September 8, 2005
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**
